IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VICTORIS MCGEE HARRIS,

        Plaintiff,

vs.                                No. 13-0963-DRH

UNITED STATES OF AMERICA,

        Defendant.

### ORDER

**HERNDON, Chief Judge:**

      This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On February 21, 2012, the Court sentenced Harris to a total of 210 months in prison for mail fraud and money laundering. During the proceedings, Harris was represented by attorneys N. Scott Rosenblum and Adam Fein. On February 27, 2012, Harris filed a notice of appeal. On July 11, 2013, the Seventh Circuit Court of Appeals issued the Mandate in this case affirming Harris' judgment and sentence.

      In her § 2255 petition, defendant raises a slew of arguments for relief, all which center around claims of ineffective assistance of counsel. Although petitioner did not raise these grounds on appeal, she may proceed on her §2255 petition if he can show either "cause for the default **and** actual

prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.Thompson*, 501 U.S. 722, 750 (1991) (emphasis added); *see also Edwards v. Carpenter,* 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*, 466 U.S. at 688, 694. In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), the Seventh Circuit held that a § 2255 movant need not demonstrate prejudice when raising an allegation of ineffective assistance of counsel where petitioner's lawyer failed to file a requested direct appeal. *Id*. at 719.

In her motion, petitioner alleges that her counsels' performances were below a reasonable standard, and that this caused her to plead guilty. In essence, petitioner is arguing that but for the grounds raised in her motion, she would have had sufficient counsel, and would likely have not plead guilty and/or received such a lengthy sentence .

The Court **ORDERS** the government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

Signed this 9th day of October, 2013.

Digitally signed by David R. Herndon
Date: 2013.10.09 12:54:07 -05'00'

**Chief Judge**
**United States District Court**