IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


VICTORIA MCGEE PETITIONER,

Petitioner,

vs.                                                    No.  13-0963-DRH

UNITED STATES OF AMERICA,

Respondent.


### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is petitioner's motion for leave to file out of date (Doc. 12), which the Seventh Circuit Court of Appeals, on March 6, 2015, instructed this Court to treat as a request to extend and reopen the time to appeal under Fed. R. App. 4. (a)(5), (6) (Doc. 19).  Specifically, the Seventh Circuit directed the undersigned to "determine whether petitioner-appellant Harris has complied with the rules filing requirements, and if she has, then to determine whether to extend or reopen the time to appeal."  Based on the following, the Court **DENIES** petitioner's request.

On October 9, 2014, the Court denied petitioner's 28 U.S.C. § 2255 petition/motion, dismissed with prejudice her case and declined to issue a certificate of appealabilty (Doc. 10).   The Clerk of the Court entered

judgment reflecting the same on October 14, 2014 (Doc. 11). At the time the Court entered its Memorandum and Order and the Judgment, petitioner was represented by retained counsel, Bradford Kessler.[1] On January 12, 2015, petitioner filed the motion for leave out of time with the Seventh Circuit Court of Appeals, which the Seventh Circuit construed as a notice of appeal (Doc. 12-1).[2] On February 11, 2015, the Seventh Circuit directed this Court to rule on petitioner's motion for leave to appeal in forma pauperis (Docs. 16, & 17, respectively). That same day, the Court denied petitioner's motion to appeal in forma pauperis (Doc. 18).

Here, petitioner moves the Court to allow her January 12, 2015 notice of appeal to be deemed timely filed. Petitioner contends that her counsel did not inform her about the outcome of her case and that she found the Court's Memorandum and Order and the Judgment on December 28, 2014 while using the Waseca Federal Prison's limited law library resources. She further contends that on January 2, 2015, she received confirmation from the Waseca Federal Prison that she did not receive legal mail from October 10, 2014 through December 14, 2014, leaving her without mail notification of the ruling from the Court.

Under Federal Rule of Appellate Procedure 4(a)(1), petitioner had sixty days from the date of this Court's Judgment, or until December 15,

---

[1] During her criminal case, petitioner was represented by N. Scott Rosenblum and Adam Fein.
[2] The pleading was entered on the Court's electronic docket system on January 27, 2015 and contains a file date of January 15, 2105.

2014, to file her notice of appeal for the Section 2255 petition.[3] *See* Fed.R.App.4(a)(1)(B). She did not do so. However, Federal Rule of Appellate Procedure 4 provides two avenues by which parties may seek to extend the time to file a notice of appeal. First, Federal Rule of Appellate 4(a)(5) provides:

> (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

*See* Fed.R.App. 4(a)(5)(A). Thus, petitioner must have filed the extension of time on or before January 14, 2015, which she did on January 12, 2015, and show either excusable neglect or good cause.

The question thus becomes whether she has shown "excusable neglect or good cause" for her delay in seeking appellate review. "'The excusable neglect standard applies in situations in which there is fault; in such situations, the need for extension is usually occasioned by something within the control of the movant.' On the other hand, the good cause standard 'applies in situations in which there is no fault – excusable or otherwise.'" *Sherman v. Quinn,* 668 F.3d 421, 425 (7th Cir. 2012)(quoting Fed. R.App. P. 4 cmt. 2002 Subdivision (a)(5)(A)(ii)); see also *Lorenzen v. Emps. Ret. Plan,* 896 F.2d 228, 232 (7th Cir. 1990). Excusable neglect

---

[3] By the Court's calculation, sixty days from October 14, 2015 is December 13, 2014. As December 13, 2014 is a Saturday, petitioner had until, Monday, December 15, 2014 to file the notice of appeal. *See* Federal Rule of Civil Procedure 6(a)(C).

occurs only in unusual circumstances; counsel's inadvertence or miscalculation are not sufficient reasons to extend time. *See United States v. Alvarez–Martinez,* 286 F.3d 470, 473 (7th Cir. 2002). A layers deliberate and purposeful decision not to pursue an appeal is not neglect at all. *See Lee v. Price*, 463 Fed.Appx. 575 *3 (7th Cir. 2011)(citing *Gann v. Smith,* 443 F.2d 352, 353 (5th Cir.1971)). Here, petitioner has given the Court no indication of any circumstances that constitute "good cause" or "excusable neglect." Further, the Court, as it previously stated, declined to issue a certificate of appealability.

The second option is through Federal Rule of Appellate Procedure 4(a)(6), which permits the district court to reopen the time for filing a notice of appeal for 14 days after the date when an order to reopen is entered provided that the following conditions are met: (i) "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry"; (ii) "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier"; and (iii) "the court finds that no party would be prejudiced." Fed. R.App. P. 4(a)(6).

On October 14, 2014, the Clerk of the Court entered a Rule 58 Judgment in the Court's electronic docketing system (Doc. 11). The

Judgment advised the parties of the October 10, 2014 Memorandum and Order denying and dismissing with prejudice petitioner's Section 2255 petition and advised that parties that Judgment was entered in favor of respondent and against petitioner. This Judgment was sent to the parties' attorneys electronically pursuant to Federal Rule of Procedure 77(d).

Petitioner alleges that her counsel never sent her a copy of the judgment, thereby raising the question of whether she received sufficient notice under Federal Rule of Civil Procedure 77(d). However, when counsel is given notice of the entry of judgment, that notice in most circumstances is imputed to the client. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ("each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney") (internal quotation marks omitted); *Resendiz v. Dretke,* 452 F.3d 356, 362 (5th Cir. 2006) (notice received by counsel is imputed to client); see also *Johnson v. McBride,* 381 F.3d 587, 589–90 (7th Cir. 2004) ("[Lawyers are agents. Their acts (good and bad alike) are attributed to the clients they represent."). The record reflects, through the Court's electronic docketing system, that petitioner's retained counsel electronically received notice of the Judgment (and he also electronically received notice of the Memorandum and Order). Thus, notice of the Judgment is imputed to petitioner, rendering petitioner unable to satisfy the first condition for relief

under Federal Rule of Appellate Procedure 4(a)(6). See *Resendiz,* 452 F.3d at 362 (citing *Herrera v. I.N.S.,* 2 Fed. Appx. 603, 604 (8th Cir.2001) (non-precedential decision) (holding notice to counsel of judgment constituted notice to petitioner and finding Rule 4(a)(6) motion untimely); *Marcangelo v. Boardwalk Regency,* 47 F.3d 88, 90 (3d Cir. 1995)); *Vahan v. Shalala,* 30 F.3d 102, 103 (9th Cir. 1994) (holding that notice to counsel constitutes notice to party for Petitioner purposes of Rule 4(a)(6)).

Any claim by the petitioner that the time for filing an appeal should be tolled due to counsel's failure to transmit notice to her of the Court's Judgment is unavailing because the "timely filing of a notice of appeal in a civil case is a jurisdictional requirement" for which no equitable exception exists. See *Bowles v. Russell,* 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (holding that time limits specified in FRAP 4 are "jurisdictional" and overruling prior cases recognizing "exceptional circumstances" doctrine under which untimely filing could be excused); *cf. Holland v. Florida,* 560 U.S. 631, 645-647, 130 S.Ct. 2549, 2560, 2561, 177 L.Ed.2d 130 (2010) (allowing equitable tolling of AEDPA's statute of limitations because limitations period is not jurisdictional). The outcome arguably might be different if petitioner could demonstrate that counsel abandoned her prior to the entry of Judgment. However, the record demonstrates that at the time of the October 14, 2014 Judgment, petitioner was represented by retained counsel; retained counsel filed petitioner'

habeas pleadings and never moved to withdraw prior to the entry of Judgment.

Accordingly, the Court **DENIES** petitioner' motion for leave to file out of date (Doc. 12).

**IT IS SO ORDERED.**

Signed this 10th day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.10 15:52:16 -05'00'

**United States District Judge**