IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**VICTORIA E. HARRIS**,

Petitioner,

v.                                                                  No. 13-0963-DRH

**UNITED STATES OF AMERICA,**

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is Harris' November 30, 2015 motion for declaratory judgment (Doc. 26). The government filed an opposition (Doc. 27). Based on the following, the Court dismisses for lack of jurisdiction the motion.

Harris filed this motion after the Seventh Circuit Court of Appeals issued its October 26, 2015 Mandate dismissing for lack of jurisdiction Harris' appeal (Doc. 25). Previously on October 10, 2014, the Court denied Harris' 28 U.S.C. § 2255 petition, dismissed with prejudice her case and declined to issue a certificate of appealability (Doc. 10). The Clerk of the Court entered judgment reflecting the same on October 14, 2014 (Doc. 11). Thereafter, Harris untimely filed her notice of appeal on January 15, 2015 (Doc. 12).

After reviewing the contents of the motion the Court finds that this motion is another motion pursuant to 28 U.S.C. § 2255. Because Harris previously filed a § 2255 petition, this current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be

certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [§ 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

Harris has not provided the Court with authorization to proceed from the Seventh Circuit Court of Appeals and the Court does not have the power to authorize Harris' second or successive motion. Thus, the Court **DISMISSES** for lack of subject matter jurisdiction Harris' motion for declaratory judgment which the Court construes as a second or successive § 2255 petition.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this Court correctly found it lacks jurisdiction over petitioner's motion because it is a second or successive motion pursuant to § 2255.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Harris' second or successive 28 U.S.C. § 2255 petition and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 2nd day of December, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.12.02 10:41:39 -06'00'

**United States District Court**